IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MARK WILLIAM COLLINS, | CV 19-00082-H-JTJ |
| Plaintiff, | |
| vs. | ORDER |
| JOHN MICU and SCOTT HOWARD, | |
| Defendants. | |

On April 1, 2022, Defendants John Micu and Scott Howard filed a motion for summary judgment, with the required supporting documents, including the notice and warning to pro se prisoner litigants. (Docs. 36, 37, 38, and 39.) Following denial of a motion to stay, Plaintiff Mark Williams Collins was given until May 6, 2022 to file his response to the motion for summary judgment. (Doc. 43.) Collins failed to do so. On June 13, 2022, this Court ordered Collins to show cause why his case should not be dismissed for failure to prosecute. (Doc. 46.) Collins has not responded.

I.        **FAILURE TO PROSECUTE**

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626,

633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Collins is failing to participate in this litigation. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Collins refuses to comply

with court orders. Collins' case has consumed judicial resources and time that could have been better spent on other matters. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the Defendants. A rebuttable presumption of prejudice to respondents arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Here, the Court attempted to provide Collins with an opportunity to explain why he has not participated, but he has not responded. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the

weight of this factor is slight. The Court will therefore dismiss this case for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

## II. CONCLUSION

Given Collin's failure to prosecute, no further resources of the Court should be expended on this matter.

Accordingly, it is hereby ORDERED:

1. This matter is DISMISSED, with prejudice. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that Collins has failed to prosecute this matter and/or comply with the Court's orders.

Dated this 15th day of July, 2022.

John Johnston
United States Magistrate Judge